[No. 21054-1-II.   Division Two.   September 4, 1998.]

PROJECT FOR INFORMED CITIZENS, *Appellant*, v. COLUMBIA COUNTY, ET AL., *Respondents*.

*Toby Thaler*; and *Catherine Wright Smith* of *Edwards, Sieh, Smith & Goodfriend, P.S.*, for appellant.

*Terry R. Nealey* of *Nealey & Marinella*; and *Alexander W. Mackie* and *Matthew B. Edwards* of *Owens Davies Mackie*, for respondents.

MORGAN, J. — The Project for Informed Citizens (PIC), an unincorporated environmental organization that includes the owners of agricultural property, challenged Columbia County's implementation of the Growth Management Act (GMA). The superior court held that PIC lacked standing to proceed. We reverse and remand.

On September 9, 1991, Columbia County (the County)

subjected itself to the GMA. On May 3, 1993, it adopted ordinance 93-07, which designated agricultural and critical areas on an interim basis.[1]

On June 11, 1993, PIC appealed to the Eastern Washington Growth Planning Hearings Board (the Board). PIC claimed that ordinance 93-07 did not go far enough to comply with the GMA.

On November 12, 1993, the Board issued an order finding that the County had not complied. PIC had no reason to appeal, and it did not appeal.

On January 18, 1994, the County revised its ordinance in an effort to comply with the Board's November 12 order. On February 1, 1994, the Board held another hearing, and on February 10, 1994, the Board issued a new order, this time finding that the County had complied.

At this juncture, PIC sought review by the superior court. It alleged that the County had not designated enough land as agricultural, and that its "critical area" regulations were not sufficiently stringent. The County moved to dismiss the petition, alleging (1) that the board's decision of February 10 was not appealable, and (2) that PIC lacked standing. The superior court dismissed for lack of standing, and PIC filed this appeal.

Two issues are presented. Did the Board enter an appealable order on February 10, 1994? If so, does PIC have standing to seek review in the superior court?

## I.

■ The GMA requires counties to comply with certain standards.[2] It establishes three growth management boards to insure compliance.[3] A person with standing may petition the proper Growth Management Hearings Board for a hear-

---

[1]*See* RCW 36.70A.060, .170(1).

[2]RCW 36.70A.060; RCW 36.70A.070; RCW 36.70A.110-215.

[3]RCW 36.70A.250.

ing on whether the County has complied with the GMA.[4] After a petition is filed, the Board holds a hearing and issues a "final order," hereafter called the first order, "that shall be based exclusively on whether or not a [county] is in compliance with the requirements of [the GMA]."[5] If the first order finds the County in compliance, the Board has fulfilled its function.[6] If the first order finds the County not in compliance, the Board "shall specify a reasonable time" for compliance and remand to the County.[7] When the time for compliance expires, the Board shall hold a compliance hearing,[8] and issue another order, hereafter called the second order, finding that the County has or has not brought itself into compliance.[9] At least under some circumstances, "the board shall also reconsider its final [first] order."[10]

The provision central to this dispute is RCW 36.70A.300(5). Insofar as pertinent here, it provides that "[a]ny party aggrieved by a final decision of the hearings board may appeal the decision to superior court . . . within thirty days of the final order of the board."

As the County reads RCW 36.70A.300(5), a petitioner challenging a county's compliance with the GMA may appeal a first order, but not a second order. If we were to adopt this reading, a petitioner challenging compliance would have no reason to appeal a first order finding noncompliance (because he or she has prevailed at that point) and no ability to appeal a second order finding compliance (because the statute would not allow it). Hence, a board could preclude review simply by entering a first order finding noncompliance. Indeed, if a county were to offer to

---

[4]RCW 36.70A.280(1), (2).

[5]RCW 36.70A.300(1).

[6]*See* RCW 36.70A.300(3)(a).

[7]RCW 36.70A.300(3)(b).

[8]RCW 36.70A.330(1).

[9]RCW 36.70A.330(2).

[10]RCW 36.70A.330(4).

stipulate to a board's entering a first order finding non-compliance, a petitioner would face a Hobson's choice: By agreeing to stipulate, he or she would lose the right to seek review of a later order finding compliance, but by declining to stipulate, he or she would be implying obstinacy or compliance, the latter in contravention of the petition.

Partly for these reasons, we reject the County's reading of RCW 36.70A.300(5). In RCW 36.70A.300, the Legislature distinguished between a "final order" and a "final decision;" otherwise, it would not have used both terms. It did not intend that a "final order" necessarily be final for purposes of appealability, for it expressly provided for ensuing proceedings in some instances,[11] and even for reconsideration in some instances.[12] It did, however, intend that a "final decision" be final for purposes of appealability,[13] for it employed the phrase, "final decision of the hearings board," and a "final decision" is one that concludes the proceedings before the tribunal.[14] We hold that RCW 36.70A.300(5) allows a person with standing to seek review of an order of noncompliance that terminates the proceedings before the Board, whether or not the order is a first order, and thus the Board's order of February 10, 1994 is appealable.

## II.

The next question is whether PIC has standing to seek review by the superior court. The GMA provides that the Administrative Procedure Act (APA), RCW 34.05, shall govern a growth management board's practice and procedure,

[11]RCW 36.70A.300(3)(b).

[12]RCW 36.70A.330(4).

[13]RCW 36.70A.300(5).

[14]See Department of Ecology v. Kirkland, 84 Wn.2d 25, 29, 523 P.2d 1181 (1974); Wiles v. Department of Labor & Indus., 34 Wn.2d 714, 721-22, 209 P.2d 462 (1949); Lewis County v. Public Employment Relations Comm'n, 31 Wn. App. 853, 862, 644 P.2d 1231, review denied, 97 Wn.2d 1034 (1982); American Farm Lines v. Black Ball Freight Serv., 397 U.S. 532, 541, 90 S. Ct. 1288, 25 L. Ed. 2d 547 (1970); Stevenson v. Rominger, 909 F. Supp. 779, 783-84 (E.D. Wash. 1995).

except to the extent that the APA conflicts with specific provisions of the GMA.[15] The APA's standing provision is RCW 34.05.530, which provides that a *"person* is aggrieved" if (1) the action of an agency has prejudiced or is likely to prejudice that person; (2) the person's asserted interests are among those that the agency was required to consider when it engaged in the agency action challenged; and (3) a judgment in favor of the person would substantially eliminate or redress the prejudice to that person caused or likely to be caused by the agency action.[16]

At the same time, the GMA contains its own provisions on when a person will have standing before a growth hearings board, and on when a party before the board may appeal. The GMA provides that a petition may be filed only by

(a) The State, or a county or city that plans under [the GMA];

(b) a person who has participated orally or in writing before the county or city regarding the matter on which a review is being requested;

(c) a person who is certified by the governor within sixty days of filing the request with the board; or

(d) a person qualified pursuant to RCW 34.05.530.[17]

The GMA further provides that "[a]ny party aggrieved by a final decision of the hearings board may appeal the decision to superior court . . . ."[18]

The question is whether the GMA's standing scheme conflicts with RCW 34.05.530. We think it does, for several reasons.

First, it seems unlikely that the legislature intended the GMA's party-aggrieved standard to be the same as the

[15]RCW 36.70A.270(7).

[16](Emphasis added.)

[17]RCW 36.70A.280(2).

[18]RCW 36.70A.300(5).

APA's "person aggrieved" standard. If it had, it would have used the same words. Thus, in *Sierra Club v. United States Nuclear Regulatory Comm'n*,[19] where the statute in issue provided, "Any party aggrieved by the final order may . . . file a petition to review . . . ,"[20] the Ninth Circuit commented:

> Congress did not adopt the "person aggrieved" standard used in the general judicial review provision of the APA . . . . Rather, Congress chose the term "party aggrieved." To give meaning to that apparently intentional variation, we must read "party" as referring to a party before the agency, . . .

Second, the legislature knew how to incorporate the APA standard into the GMA. It did that in RCW 36.70A-.280(2)(d), dealing with standing to petition the board. Yet it did not do that in RCW 36.70A.300(5), dealing with standing in superior court. The omission implies that RCW 34.05.530 is not to apply to standing in superior court.

Third, we cannot discern why the GMA would grant party status at the board level, then withdraw it at the superior court level through the use of the APA standard. If the APA controls at all, it should control *both* levels. Yet we know it does not, for it is only one of four ways to obtain standing at the board level.

Fourth, once a person has standing before the board, it would seem that whether he or she is aggrieved should be measured according to his or her role as a party—in other words, by comparing the relief that he or she sought from the board, to the relief that he or she obtained from the board. Whether he or she is aggrieved should not be measured according to his or her role as a "person," for a "person" can be aggrieved, or not aggrieved, in many ways immaterial to his or her role as a "party."

█ In summary, we think the GMA grants standing before the board to certain classes of petitioners, and stand-

---

[19]825 F.2d 1356, 1360 (9th Cir. 1987).

[20]28 U.S.C. § 2344.

ing before the superior court to any petitioner with standing before the board, provided that the petitioner failed to receive from the board the relief that he or she sought. The APA's standing provisions are inconsistent, because they would deny party status at the superior court level to a person *already a party* at the board level. We conclude that the GMA does not incorporate, and is not subject to, RCW 34.05.530.

The remaining question is whether PIC meets the GMA standard. PIC was a party before the Board, because it petitioned the Board with standing to do so.[21] The Board's second order, though not the Board's first order, denied PIC the relief that it sought from the Board. It follows that PIC is entitled to proceed.

Reversed and remanded to the superior court.

SEINFELD and ARMSTRONG, JJ., concur.

Review denied at 137 Wn.2d 1020 (1999).

---

[21]The County argued to the Board that PIC lacked standing before the Board, but the County has not renewed that argument in the superior court or this case.