230 P.3d 608 (2010)
ADVOCATES FOR RESPONSIBLE DEVELOPMENT, a non-profit association, and John E. Diehl, Appellants,
v.
WESTERN WASHINGTON GROWTH MANAGEMENT HEARINGS BOARD, Mason County, and Shaw Family LLC, Respondents.
No. 38721-2-II.
Court of Appeals of Washington, Division 2.
March 2, 2010.
Publication ordered April 27, 2010.
*610 Advocates for Responsible Development (Appearing Pro Se), John Diehl (Appearing Pro Se), Shelton, WA, for Appellants.
Stephen Talcott Whitehouse, Attorney at Law, Shelton, WA, Alan D. Copsey, Jerald R. Anderson, Attorney at Law, Office of the Attorney General, Olympia, WA, for Respondents.
William R. Hickman (Appearing Pro Se), Seattle, WA, for Other Parties.
VAN DEREN, C.J.
¶ 1 John E. Diehl and Advocates for Responsible Development (ARD), an unincorporated nonprofit association of which he is the president, both appeal a decision by the Western Washington Growth Management Hearings Board (WWGMHB), arguing, among other things, that WWGMHB erred when it ruled that Diehl lacked personal standing to assert the same claims that he asserted as ARD's president. We affirm. Without personal standing, we do not reach the merits of Diehl's arguments. And because Diehl, who is not a lawyer, cannot represent ARD in court, we dismiss ARD's appeal.[1]

FACTS
¶ 2 In 2006, ARD challenged proposed Mason County land use ordinances 112-06, 138-06, and 139-06 through two letters Diehl submitted to the County on ARD's behalf as its president. After the County adopted the ordinances, Diehlacting again on behalf of ARD and inserting himself as a petitioner asked for WWGMHB review of the County's compliance with the Growth Management Act (GMA).[2]
¶ 3 The Shaw Family LLC (Shaw Family), whose property was affected by at least one of the ordinances, intervened in ARD's appeal. The Shaw Family then moved to dismiss (1) Diehl, because he did not meet the requirement for GMA participation standing by appearing at the County level individually, and (2) ARD, because it was not a registered entity either with the Secretary of State's office or the Department of Revenue. The WWGMHB dismissed Diehl for lack of personal standing but ruled that (1) ARD had participation standing by virtue of Diehl's remarks on its behalf at the county level and (2) Diehl could represent ARD in the WWGMHB proceedings.[3] After a hearing on the merits of ARD's claims, the WWGMHB ruled that the County violated the GMA in adopting ordinance 139-06.
¶ 4 Diehl and ARD appealed the WWGMHB's ruling denying Diehl personal standing and two unrelated issues from the WWGMHB's final ruling. The superior court ruled that Diehla nonlawyercould not represent ARD in court and affirmed the WWGMHB's ruling that Diehl did not have personal participation standing.
¶ 5 Diehl and ARD appeal a second time.[4]

ANALYSIS

I. Representation by NonLawyers
¶ 6 Diehl argues that we should permit him, as a nonlawyer, to argue ARD's *611 appeal because he represented ARD's interests before the County and at the later appeal before the WWGMHB. But, with few exceptions, only active members of the Washington State Bar Association may practice law, which includes representing another in court. RCW 2.48.170; APR 1(b); GR 24; Jones v. Allstate Ins. Co., 146 Wash.2d 291, 301, 45 P.3d 1068 (2002); In re Disciplinary Proceedings Against Droker & Mulholland, 59 Wash.2d 707, 719, 370 P.2d 242 (1962); State v. Hunt, 75 Wash.App. 795, 803-05, 880 P.2d 96 (1994). "The `pro se' exceptions are quite limited and apply only if the layperson is acting solely on his own behalf." Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n, 91 Wash.2d 48, 57, 586 P.2d 870 (1978).
¶ 7 In adhering to the general rule, we distinguish a series of cases. First, we distinguish Willapa Trading Co. v. Muscanto, Inc., 45 Wash.App. 779, 786-87, 727 P.2d 687 (1986), a case in which Division One held that a nonlawyer could appear on behalf of himself and a corporation of which he was the president, director, and sole stockholder. Unlike the instant case, in which Diehl repeatedly asserted that he represented multiple ARD members, the Willapa Trading court concluded that the litigant "was, in fact, acting on his own behalf" and thus his personal interests were virtually indistinguishable from those of his corporation. 45 Wash. App. at 787, 727 P.2d 687.
¶ 8 We also distinguish Finn Hill Masonry, Inc. v. Department of Labor & Industries, 128 Wash.App. 543, 545-46, 116 P.3d 1033 (2005), a recent case in which our court held that, while counsel must generally represent a corporation before superior and appellate courts, the opposing party failed to make this challenge at the superior court and, therefore, waived the argument on appeal. Here, the Shaw Family properly raised this argument at the superior court.
¶ 9 Finally, we distinguish Biomed Comm, Inc. v. Department of Health, Board of Pharmacy, 146 Wash.App. 929, 193 P.3d 1093 (2008). There, the superior court dismissed a corporation's administrative appeal with prejudice because the corporation filed a petition for review signed by a nonlawyer executive in violation of CR 11. Biomed Comm, Inc., 146 Wash.App. at 932-33, 193 P.3d 1093. Division One reversed, holding that the superior court failed to give the corporation reasonable time to hire counsel and cure the error. Biomed Comm, Inc., 146 Wash.App. at 931-32, 193 P.3d 1093. Here, the superior court ruled that ARD never appeared on the record, arguably dismissing ARD's filings at the close of its appeal, but Diehl had months of notice that the superior court would not permit him to argue ARD's appeal.
¶ 10 "[N]on-attorney litigants may not represent other litigants," Church of the New Testament v. United States, 783 F.2d 771, 774 (9th Cir.1986), and courts have long held that "`[c]orporations and other unincorporated associations must appear in court through an attorney.'" D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir.2004) (alteration in original) (quoting In re Am. W. Airlines, 40 F.3d 1058, 1059 (9th Cir.1994)); see Osborn v. Bank of the United States, 22 U.S. 738, 829-30, 9 Wheat. 738, 6 L.Ed. 204 (1824); Lloyd Enters., Inc. v. Longview Plumbing & Heating Co., 91 Wash.App. 697, 701, 958 P.2d 1035 (1998). The unlawful practice of lawa gross misdemeanor occurs when "[a] nonlawyer practices law, or holds himself or herself out as entitled to practice law."[5] RCW 2.48.180(2)(3).
¶ 11 Diehl argues that he falls under the GR 24(b)(3) exception, which permits nonlawyers to "[a]ct[] as a lay representative authorized by administrative agencies or tribunals." Because the WWGMHB allowed him to represent ARD at the administrative level, he asserts that under this exception the WWGMHB authorized his further representation before courts. He is incorrect.
¶ 12 "The hearings boards are quasi-judicial [administrative] agencies that serve a limited role under the GMA, with their powers restricted to a review of those *612 matters specifically delegated by statute." Viking Props., Inc. v. Holm, 155 Wash.2d 112, 129, 118 P.3d 322 (2005); see former RCW 36.70A.280(1) (2003). These boards are "creatures of the Legislature, without inherent or common-law powers and, as such, may exercise only those powers conferred by statute, either expressly or by necessary implication." Skagit Surveyors & Eng'rs, LLC v. Friends of Skagit County, 135 Wash.2d 542, 558, 958 P.2d 962 (1998). These bodies do not have authority under the GMA to authorize nonlawyers to practice law before Washington courts and GR 24(b)(3) does not apply here. Therefore, because Diehl cannot represent ARD in court, we dismiss ARD's appeal.[6]

II. Personal Standing
¶ 13 Diehl[7] next claims that WWGMHB erred by ruling that he lacked personal participation standing under the GMA to appeal the County's decision on the proposed ordinances when he submitted comments expressly on ARD's behalf. We disagree.

A. Standard of Review
¶ 14 Under the Administrative Procedure Act (APA), chapter 34.05 RCW, the party challenging a board's ruling has the burden of showing its invalidity. See RCW 34.05.570(1)(a). We grant relief from a decision if the WWGMHB "erroneously interpreted or applied the law." RCW 34.05.570(3)(d). Because it has subject matter expertise, we give the WWGMHB's legal interpretations of the GMA substantial, but not binding, weight.[8]Lewis County v. W. Wash. Growth Mgmt. Hearings Bd., 157 Wash.2d 488, 498, 139 P.3d 1096 (2006); City of Redmond v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 136 Wash.2d 38, 46, 959 P.2d 1091 (1998).

B. Standing Before the WWGMHB
¶ 15 Under the GMA, "a person who has participated orally or in writing before the county or city regarding the matter on which a review is being requested" may file a petition for review. Former RCW 36.70A.280(2). "To establish participation standing . . . a person must show that his or her participation before the county or city was reasonably related to the person's issue as presented to the board."[9] Former RCW 36.70A.280(4). A person includes individuals and associations. Former RCW 36.70A.280(3).
¶ 16 Here, Diehl faxed two letters to the County in which he identified himself as president of ARD and raised ARD's issues; he at no time suggested that he personally had issues to present to the County about the *613 ordinances. The September 11, 2006 letter began, "[O]n behalf of Advocates for Responsible Development I am submitting the following comments." Admin. Record (AR) at 214. Again, in the December 19, 2006 letter, Diehl similarly began, "[O]n behalf of Advocates for Responsible Development, I am writing to comment." AR at 216. Following the Shaw Family's motion to dismiss Diehl and ARD before the WWGMHB, the WWGMHB concluded that Diehl's letters did not constitute "bases for his participation standing under [former] RCW 36.70A.280(2)(b)." AR at 290. The WWGMHB noted, "It was Mr. Diehl himself who limited the attribution of his comments to ARD. Since he expressly did not participate in his individual capacity, he does not have participation standing in his individual capacity." AR at 290. This legal interpretation is entitled to great weight. See Lewis County, 157 Wash.2d at 498, 139 P.3d 1096. Diehl did not move for reconsideration of WWGMHB's order dismissing him for lack of personal standing; instead, he accepted its decision, which allowed him to continue participating in the appeal before the WWGMHB as ARD's spokesman.
¶ 17 Diehl argues that the WWGMHB had the burden to prove a requirement that he had to articulate his personal participation in addition to his representative participation before the County. But Diehl, the appealing party, has the burden of demonstrating that the WWGMHB's ruling was invalid. See RCW 34.05.570(1)(a). More importantly, organizations can only appear and participate before a locality through representatives, and "just as an organization may not rely on the comments of an individual member acting on [his or her] own behalf to establish standing, neither may a member rely on comments he or she submitted on behalf of an organization to demonstrate standing." Friends of Skagit County v. Skagit County, No. 07-2-0025c, 2008 WL 2783670, at *8 n. 37 (W. Wash. Growth Mgmt. Hr'gs Bd. June 18, 2008).[10]
¶ 18 Despite Diehl's arguments to the contrary, the WWGMHB's decision to withhold broad participation standing from an individual who affirmatively stated only representational status on behalf of an organization seamlessly aligns with the GMA's goal of encouraging public participation in a "bottom-up" planning process. See RCW 36.70A.020(11); Lewis County, v. W. Wash. Growth Mgmt. Hearings Bd., 157 Wash.2d at 511, 139 P.3d 1096. Therefore, we hold that the WWGMHB did not err in dismissing Diehl for lack of personal participation standing. Because this holding disposes of the case, we do not reach other issues Diehl attempts to raise on his own behalf.

III. Attorney Fees
¶ 19 RAP 18.9(a) authorizes this court, on its own initiative, to order ARD and Diehl to pay the Shaw Family's attorney fees for filing a frivolous appeal. See Skinner v. Holgate, 141 Wash.App. 840, 858, 173 P.3d 300 (2007). An appeal is frivolous if it presents no debatable issues on which reasonable people disagree. We resolve any doubts in the appealing party's favor and "keep in mind that a civil appellant has a right to appeal." Skinner, 141 Wash.App. at 858, 173 P.3d 300.
¶ 20 Here, ARD and Diehl filed joint briefs, in which both parties, without distinction, argued that Diehl can represent ARD in court. But the superior court refused to allow Diehl to represent ARD because he is not an attorney, so ARD and Diehl knew or should have known that our court could not permit such representation. We required Shaw Family to file a response brief in this case. Therefore, we sanction both ARD and Diehl for making this frivolous argument and award Shaw Family attorney fees and costs in an amount to be set by our Commissioner.[11]
*614 ¶ 21 We affirm the WWGMHB's ruling on Diehl's lack of personal standing and dismiss ARD's appeal.
¶ 22 A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record pursuant to RCW 2.06.040, it is so ordered.
We concur: ARMSTRONG and PENOYAR, JJ.
NOTES
[1] Although Diehl does not assign error to the superior court's ruling precluding him from representing ARD in court, we nevertheless address this issue because we must decide whether ARD is properly before us.
[2] Chapter 36.70A RCW.
[3] A nonlawyer who is a member of a group may represent that group before growth management hearings boards. See WAC 242-02-110(1); Miotke v. Spokane County, No. 05-1-0007, 2005 WL 3477427, at *3 (E. Wash. Growth Mgmt. Hr'gs Bd. Nov. 14, 2005).
[4] The Shaw Family asked to be dismissed from this case, but we ordered it to file a response brief. The WWGMHB, another respondent in this appeal, did not file a brief and stated in its briefing in an associated case that it would not participate here. Br. of Resp't at 4 n. 2 (Shaw Family LLC v. W. Wash. Growth Mgmt. Hearings Bd., No. 38671-2, (Wash. Ct.App. to be argued Apr. 2, 2010)).
[5] We note that Diehl himself argued to the superior court that he was practicing law: "What I did before the Growth Management Hearings Board and what I'm doing today is practice law." RP (Mar. 26, 2008) at 8.
[6] In Shaw Family LLC v. Western Washington Growth Management Hearings Board, No. 38671-2, (Wash. Ct.App. to be argued Apr. 2, 2010), the associated appeal, Diehl makes an additional argument for representing ARD: Nonlawyers should be allowed to represent groups when responding to appeals from growth management board decisions. Br. of Resp't/Cross Appellants at 16 (Shaw Family LLC, No. 38671-2). Diehl suggests that precluding nonlawyer representation in these circumstances bars groups from defending their victories before these boards and thus defeats the GMA's reliance on public participation in a "bottom-up" system. Br. of Resp't/ Cross Appellants at 16-17 (Shaw Family LLC, No. 38671-2). But the issue arises only when a person appears before the county or city and disclaims personal standing, as Diehl did here. If the person timely asserts personal interest and standing, that person could continue to participate in appeals pro se before the superior and appellate courts. We address this argument here for the sake of complete analysis.
[7] ARD and Diehl filed joint briefs that do not distinguish between their arguments. Because we dismiss ARD's appeal, we characterize this standing argument as Diehl's.
[8] Although boards must defer to county planning actions under the GMA, here the WWGMHB interpreted a GMA standing requirement to petition for the WWGMHB's own reviewa legal interpretation which merits substantial weight. See Lewis County v. W. Wash. Growth Mgmt. Hearings Bd., 157 Wash.2d 488, 498, 139 P.3d 1096 (2006); City of Redmond v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 136 Wash.2d 38, 46, 959 P.2d 1091 (1998).
[9] The APA standing requirements differ from those in the GMA. Former RCW 36.70A.280(4); RCW 34.05.530; Project for Informed Citizens v. Columbia County, 92 Wash.App. 290, 295-97, 966 P.2d 338 (1998). Specific GMA provisions control when in conflict with the APA, which acts as a gap filler for the GMA. See RCW 36.70A.270(7).
[10] While persuasive, quasi-judicial board decisions do not constitute binding precedent on our court. See, e.g., Weyerhaeuser Co. v. Tri, 117 Wash.2d 128, 138, 814 P.2d 629 (1991); Martini v. Employment Sec. Dep't, 98 Wash.App. 791, 795, 990 P.2d 981 (2000); Romo v. Dep't of Labor & Indus., 92 Wash.App. 348, 356, 962 P.2d 844 (1998).
[11] Diehl's continued insistence that he be allowed to participate in court appellate processes may rise to the level of the unauthorized practice of law, a gross misdemeanor. But we are not fact finders and do not sanction him based on these actions. In addition, we clarify that Diehl's argument that he had personal standing before WWGMHB was not frivolous and did not lead to our imposed sanctions.