[No. 65212-5-I.   Division One.   July 25, 2011.]

WILLIAM S. COTTRINGER, *Appellant*, v. THE EMPLOYMENT SECURITY DEPARTMENT, *Respondent*.

---

*Aaron V. Rocke* (of *Rocke Law Group PLLC*), for appellant.
*Robert M. McKenna, Attorney General,* and *Leah E. Harris, Assistant,* for respondent.

¶1 GROSSE, J. — An individual who chooses to incorporate and thereby enjoy the benefits of the corporate form must also bear the attendant burdens. One such burden is the requirement that a corporation be represented in court proceedings by a licensed attorney. Puget Sound Security Patrol Inc. (PSSP) is a corporation and, accordingly, is required to present its claims in court through a licensed attorney. No pro se exception to this rule applies under the circumstances of this case. The trial court did not abuse its discretion by dismissing PSSP's petitions for review after PSSP failed to retain counsel within the time prescribed by the court. Accordingly, we affirm the trial court's order dismissing PSSP's petitions for review. We deny the Employment Security Department's request for an award of attorney fees on appeal.

## FACTS

¶2 PSSP is incorporated under the laws of Washington. According to the record, as of March 9, 2010, the secretary of state's web site showed William Cottringer as PSSP's president, Jeff Kirby as secretary, and George Schaeffer as

director.[1] PSSP claims that Kirby is the sole owner of the corporation but cites to nothing in the record to support this assertion, although Kirby testified at the hearing on PSSP's request to proceed pro se that he is PSSP's sole stockholder.

¶3 PSSP discharged two employees, one in August 2008 and the other in January 2009, and both employees filed for unemployment compensation.[2] Cottringer, who is not an attorney, represented PSSP at the administrative hearing on the discharged employee's unemployment compensation claim. The administrative law judge determined that the employee was entitled to unemployment compensation. PSSP petitioned the commissioner of the Employment Security Department for review, and the commissioner affirmed. The commissioner denied PSSP's motion for reconsideration.

¶4 PSSP petitioned for review of the commissioner's decision in superior court. The petitioner was listed as "Dr. William S. Cottringer for Pudget [sic] Sound Security (Employer)," and the petition was signed by Cottringer as petitioner pro se. Kirby, a nonlawyer, signed some subsequent pleadings on behalf of PSSP along with Cottringer.

¶5 Cottringer and Kirby filed a motion asking the superior court to determine whether PSSP could proceed before it without counsel. After a hearing, the superior court determined that because PSSP was an incorporated entity, it had to be represented by counsel in proceedings before the superior court. The court ordered PSSP to retain coun-

---

[1] As of May 2011, the secretary of state's web site showed George Schaeffer as president and director and Jeff Kirby secretary, treasurer, and chairman. *Corporations Division*, WASH. SEC'Y OF STATE, http://www.sos.wa.gov/corps/search_detail .aspx?ubi=600445275 (last visited July 22, 2011). Also as of May 2011, PSSP's web site showed Schaeffer as president and Kirby as chairman and chief executive officer. PUGET SOUND SECURITY, http://www.pugetsoundsecurity.com (last visited July 22, 2011).

[2] The record contains documents relating only to the August 2008 discharge, although neither party disputes that there are two employee discharges underlying this appeal. The absence of these documents does not preclude review of the issues raised in this appeal, although only the August 2008 discharge will be discussed here, given the absence of any evidence in the record pertaining to the other discharge.

sel within 30 days or suffer dismissal of its petitions for review with prejudice. PSSP did not retain counsel within the prescribed time, and the superior court dismissed PSSP's petitions for review with prejudice.

¶6 PSSP appeals the dismissal of its petitions for review. It is represented by counsel on appeal.[3]

## ANALYSIS

¶7 We review the superior court's dismissal of a petition for review with prejudice for abuse of discretion.[4]

[2-5] ¶8 In Washington, with limited exceptions, individuals appearing before the court on behalf of another party must be licensed in the practice of law:[5]

> Because a corporation is an artificial entity, necessarily its interests in a court proceeding must be represented by a person acting on its behalf. Representing another person or entity in court is the practice of law. To practice law, one must be an attorney. RCW 2.48.170. Thus Washington, like all federal courts, follows the common law rule that corporations appearing in court proceedings must be represented by an attorney.[6]

¶9 There exists a pro se exception to this general rule under which a person "may appear and act in any court as his own attorney without threat of sanction for unauthorized practice."[7] This pro se exception is, however, extremely limited and applies "only if the layperson is acting solely on

---

[3] Although PSSP is not the appellant because Cottringer is the named petitioner in the pleadings below, for clarity, we will refer to PSSP as if it were the appellant.

[4] *Biomed Comm, Inc. v. Dep't of Health, Bd. of Pharmacy*, 146 Wn. App. 929, 933, 193 P.3d 1093 (2008).

[5] *Lloyd Enters., Inc. v. Longview Plumbing & Heating Co.*, 91 Wn. App. 697, 701, 958 P.2d 1035 (1998).

[6] *Dutch Vill. Mall v. Pelletti*, 162 Wn. App. 531, 535-36, 256 P.3d 1251 (2011) (citing *Lloyd*, 91 Wn. App. at 701).

[7] *Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48, 56, 586 P.2d 870 (1978).

his own behalf" with respect to his own legal rights and obligations.[8]

¶10 In arguing that the pro se exception should apply in this case, PSSP relies on *Willapa Trading Co. v. Muscanto, Inc.*[9] In that case, Neil Wheeldon, Willapa's president, director, and sole stockholder, and a nonlawyer, asked the trial court for permission to represent both himself and the corporation. Neither Wheeldon nor Willapa prevailed in the trial court. On appeal, Willapa argued that the trial court erred by allowing it to be represented by Wheeldon. While noting that it was "somewhat unusual" for Wheeldon to represent both himself and the corporation, the Court of Appeals nevertheless found no abuse of discretion:

> While it may be somewhat unusual, we find no abuse of discretion in permitting Wheeldon to appear on his own behalf and for Willapa Trading Co., Inc., a corporation. Wheeldon was the president, director, and sole stockholder of Willapa. In acting for Willapa, he was, in fact, acting on his own behalf. No financial interests other than Wheeldon's were involved. Furthermore, the record reflects that Wheeldon sought permission from the court to appear for himself and his wholly owned corporation. If granting that permission was error, it was invited error, which he cannot now use to gain relief on appeal.[10]

¶11 The court's decision in *Willapa Trading* was based on the fact that any error was invited and the fact that Wheeldon was acting solely on his own behalf. Neither of these facts is present here: Invited error is not an issue and, while Kirby may be PSSP's sole stockholder, he is not also the corporation's president and director and was not acting solely on his own behalf. The court's decision in *Willapa Trading* is confined to the particular facts on which the decision is based and does not, as PSSP argues, create a "sole stockholder" exception to the rule requiring corporate

---

[8] *Wash. State Bar Ass'n*, 91 Wn.2d at 57 (emphasis omitted).

[9] 45 Wn. App. 779, 727 P.2d 687 (1986).

[10] *Willapa Trading*, 45 Wn. App. at 787.

entities to be represented by a licensed attorney in court proceedings. Indeed, "[t]he acknowledgement that granting permission may have been error substantially undercuts any argument that *Willapa Trading* was meant to create an affirmative right to lay representation."[11] The court's decision in *Willapa Trading* does not compel application of the pro se exception in this case.[12]

¶12 PSSP raises a number of additional arguments in favor of applying the pro se exception, none of which are persuasive. First, it makes a public policy argument in favor of applying the pro se exception based on the cost of legal counsel. The requirement of representation by an attorney is supported by solid reasons,[13] and the cost of such representation does not undermine or outweigh these reasons. Next, PSSP argues, without supporting authority, that Kirby should be allowed to represent it in this proceeding because he represented PSSP in prior, unrelated proceedings in superior court. The superior court in this case was not, however, bound by decisions of other courts in entirely unrelated proceedings. Next, PSSP argues that the pro se exception should apply because courts of other jurisdictions have applied it in similar circumstances. Regardless of what courts of other jurisdictions have held, we are bound by Washington law, which does not allow Kirby to represent PSSP in court proceedings. PSSP argues further that the pro se exception should apply because pro se representation was permitted at the administrative level.

---

[11] *Dutch Vill. Mall*, 162 Wn. App. at 537.

[12] PSSP argues that the Court of Appeals opinion in *Advocates for Responsible Development v. Western Washington Growth Management Hearings Board*, 155 Wn. App. 479, 230 P.3d 608, *rev'd in part on other grounds*, 170 Wn.2d 577, 245 P.3d 764 (2010), "reaffirmed" the holding in *Willapa Trading* and that this reaffirmance means that we should read *Willapa Trading* as permitting Kirby to represent PSSP in this case. We find this argument without merit. While the Court of Appeals in *Advocates* cited *Willapa Trading*, it also explicitly distinguished that case on the ground that in *Willapa Trading* the personal interests of the pro se litigant were "virtually indistinguishable from those of his corporation." *Advocates*, 155 Wn. App. at 484. The court in *Advocates* also specifically noted the limited applicability of the pro se exception to situations where the layperson is acting on his or her own behalf, which, as discussed, is not the case here.

[13] *See Dutch Vill. Mall*, 162 Wn. App. at 537-38.

But, the fact that pro se representation may be permitted in administrative proceedings does not change the longstanding rule in Washington that corporations must be represented by counsel in court proceedings. PSSP next argues that Kirby should be allowed to represent PSSP because he can be exposed to personal liability for taxes as the sole stockholder, citing RCW 82.32.145 and 50.24.230. These statutes deal with personal liability for state and local sales taxes and unemployment tax contributions when a corporation is terminated, dissolved, or abandoned. We find no reason why the statutes should compel application of the pro se exception here.[14]

¶13 Kirby chose to incorporate and enjoy the benefits of the corporate form. He must also, however, bear the burdens of that choice.[15] One such burden is the requirement that the corporation present its claims in court through a licensed attorney. The trial court did not abuse its discretion by dismissing PSSP's petitions for review with prejudice because of PSSP's failure to retain counsel within the time prescribed by the trial court.

¶14 The Employment Security Department (Department) asks for an award of attorney fees under RAP 18.9 on the ground that this appeal is frivolous. An appeal is frivolous if, considering the entire record, we are convinced the appeal presents no debatable issues upon which reasonable minds might differ, and the appeal is so totally devoid of merit that there is no reasonable possibility of reversal.[16] We resolve all doubts as to whether an appeal is frivolous in favor of the appellant.[17]

---

[14] In its reply brief, PSSP claims that the title of this appeal should be changed from its title on the pleadings below to reflect that PSSP is "the plaintiff/petitioner." We reject PSSP's contention. The title of a case in this court is the same as the title in the trial court, except that the party seeking review is the "appellant" and the adverse party on review is the "respondent." RAP 3.4.

[15] *Dutch Vill. Mall*, 162 Wn. App. at 537-38.

[16] *Tiffany Family Trust Corp. v. City of Kent*, 155 Wn.2d 225, 241, 119 P.3d 325 (2005).

[17] *Tiffany Family Trust*, 155 Wn.2d at 241.

¶15 The Court of Appeals in *Advocates for Responsible Development v. Western Washington Growth Management Hearings Board*[18] awarded the respondent attorney fees under RAP 18.9 based on the appellant's arguments, similar to PSSP's arguments here, about application of the pro se exception. The Supreme Court granted review on this issue only and reversed.[19] The Supreme Court's conclusion that the appeal was not frivolous was based on the fact that at least one court in another jurisdiction allowed pro se representation in circumstances similar to those before the court.

¶16 Here, the Department acknowledges that in at least two of the out-of-state cases PSSP cites, the courts permitted corporations to be represented in court by nonlawyers. Accordingly, this appeal is not frivolous, and we deny the Department's request for an award of attorney fees under RAP 18.9.

¶17 We affirm the trial court's order dismissing PSSP's petitions for review and deny the Department's request for an award of attorney fees on appeal.

BECKER and APPELWICK, JJ., concur.

Review denied at 173 Wn.2d 1005 (2011).

---

[18] 155 Wn. App. 479, 230 P.3d 608, *rev'd in part on other grounds*, 170 Wn.2d 577, 245 P.3d 764 (2010).

[19] *Advocates*, 170 Wn.2d 577.