**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

SPENCER ALPERT,
                    *Plaintiff-Appellant*,

v.

NATIONSTAR MORTGAGE LLC, a
Delaware limited liability company;
HARWOOD SERVICE COMPANY, a
Delaware corporation,
                    *Defendants-Appellees*,

and

AMERICAN SECURITY INSURANCE
COMPANY, a Delaware corporation;
STANDARD GUARANTY INSURANCE
COMPANY; ASSURANT, INC., a
Delaware corporation,
                    *Defendants.*

No. 19-35867

D.C. No.
2:15-cv-01164-
RAJ

ORDER
CERTIFYING
QUESTIONS
TO THE
WASHINGTON
SUPREME
COURT

Filed December 31, 2020

Before:  Ronald M. Gould and Michelle T. Friedland, Circuit Judges, and Stephen R. Bough,* District Judge.

Order

## SUMMARY**

### Certification of Questions to Washington Supreme Court

The panel filed an order deferring submission and certifying the following questions to the Washington State Supreme Court:

> 1. Should the filed rate doctrine apply to claims by a Washington homeowner against a loan servicer arising from the placement of lender placed insurance on the Washington homeowner's property where the servicer purchased the insurance from a separate insurance company who filed the insurance product with the Washington State Office of the Insurance Commissioner?

> 2. In the event the filed rate doctrine does apply to this type of transaction, do the damages requested by Plaintiff fall outside

---

* The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the scope of the filed rate doctrine, or rather do they "directly attack agency-approved rates," such that they are barred under *McCarthy Finance, Inc. v. Premera*, 347 P.3d 872, 875 (Wash. 2015)?

## COUNSEL

Jason Anderson, Emerald City Law Firm PC, Seattle, Washington, for Plaintiff-Appellant.

Justin D. Balser and Taylor T. Haywood, Akerman LLP, Denver, Colorado; Bryan T. Brown, Akerman LLP, Dallas, Texas; for Defendants-Appellees.

## ORDER

This case concerns whether the filed rate doctrine applies to a claim that a mortgage lender overcharged for force placed insurance when it passed through to a borrower the rate approved by the governing regulatory agency. The filed rate doctrine is a judicially created doctrine that bars plaintiffs from suing based on allegedly unreasonable rates if those rates were agency-approved. *See McCarthy Fin., Inc. v. Premera*, 347 P.3d 872, 875 (Wash. 2015). The filed rate doctrine "provides, in essence, that any 'filed rate'—a rate filed with and approved by the governing regulatory agency—is per se reasonable and cannot be the subject of legal action against the private entity that filed it." *Id.* (quoting *Tenore v. AT&T Wireless Servs.*, 962 P.2d 104, 108 (Wash. 1998)).

Although it is clear that under Washington law the filed rate doctrine applies to regulated entities and their customers, *see id.*, it is less clear whether the filed rate doctrine extends to situations in which an intermediary (not the regulated entity) charges the filed rate to its customers, thus barring those customers from asserting legal claims that they were overcharged because the intermediary paid less than the filed rate.

## I.

Before addressing the certified questions, we summarize the relevant facts.   Spencer Alpert, a homeowner in Washington State, was required by his mortgage agreement to maintain a hazard insurance policy on his property.  When Alpert's insurance policy lapsed, Nationstar Mortgage LLC, his mortgage loan servicer, purchased hazard insurance for the property and charged Alpert for it at a rate approved by the Washington State Office of Insurance Commissioner ("OIC").   Mortgage documents authorized Nationstar to purchase insurance and charge Alpert for it.

Alpert alleges that the insurance price he was charged, while accurately reflecting the rate approved by state regulators, did not represent Nationstar's true cost of the insurance.  He asserts that Nationstar has an arrangement with the insurance companies through which Nationstar receives kickbacks in the form of commissions, such that the real cost of the insurance policy to Nationstar was substantially less than what Alpert was charged.   Alpert argues that Nationstar's recovery of amounts through kickbacks or commissions is a breach of the mortgage contract and that this practice violates Washington consumer protection laws.

Nationstar and Harwood Service Company (the wholly owned Nationstar subsidiary that received these "commissions") contend that the filed rate doctrine bars Alpert from suing based on an allegedly unreasonable rate if that rate is approved by the governing regulating agency, regardless of the fact that the filed rate was charged to Alpert by an intermediary (Nationstar) and not charged by an insurance company or some other entity regulated by the Washington State OIC.

Accordingly, we are faced with the issue of whether, under Washington law, the filed rate doctrine applies to situations in which the filed rate is charged by an intermediary and not the regulated entity that filed the rate. Washington law has not addressed this issue.

## II.

Because this critical question of state law is not settled, we have concluded that the appropriate course of action is to certify questions regarding this issue to the Washington State Supreme Court, and we respectfully request that it provide the answer.[1] *See Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974) (noting that federal certification of state law questions "helps build a cooperative judicial federalism," and is "particularly appropriate" for novel or unsettled

---

[1] While no party filed a motion requesting certification of questions, we have the authority to certify questions sua sponte. *See Parents Involved in Cmty. Sch. v. Seattle Sch. Dist.*, 294 F.3d 1085, 1086 (9th Cir. 2002) ("[W]e have an obligation to consider whether novel state-law questions should be certified—and we have been admonished in the past for failing to do so." (citation omitted)); Wash. Rev. Code § 2.60.030(1) ("Certificate procedure may be invoked by a federal court upon its own motion . . . .").

questions of state law).  Resolution of the certified questions is necessary to our decision.

## III.

We respectfully certify to the Washington State Supreme Court the following questions:

> 1. Should the filed rate doctrine apply to claims by a Washington homeowner against a loan servicer arising from the placement of lender placed insurance on the Washington homeowner's property where the servicer purchased the insurance from a separate insurance company who filed the insurance product with the Washington State Office of the Insurance Commissioner?

> 2. In the event the filed rate doctrine does apply to this type of transaction, do the damages requested by Plaintiff fall outside the scope of the filed rate doctrine, or rather do they "directly attack agency-approved rates," such that they are barred under *McCarthy Finance, Inc. v. Premera*, 347 P.3d 872, 875 (Wash. 2015)?

We do not intend our framing of these questions to restrict the Washington State Supreme Court's consideration of any issues that it determines are relevant.  The Washington State Supreme Court may, in its discretion, reformulate the questions.  *See Broad v. Mannesmann Anlagenbau AG*, 196 F.3d 1075, 1076 (9th Cir. 1999).

If the Washington State Supreme Court accepts review of the certified questions, we designate Alpert as the party to file the first brief pursuant to Washington Rule of Appellate Procedure ("WRAP") 16.16(e)(1). If the Washington State Supreme Court accepts review and issues a decision, we will then decide this case in accord with its decision on the certified questions.

## IV.

The clerk of our court is hereby ordered to transmit forthwith to the Washington State Supreme Court, under official seal of the United States Court of Appeals for the Ninth Circuit, a copy of this order and all relevant briefs and excerpts of record pursuant to Washington Revised Code Sections 2.60.010 through 2.60.030 and WRAP 16.16. The record contains all matters in the pending case deemed material for consideration of the local law questions certified for answer.

Further proceedings in our court are stayed pending the Washington State Supreme Court's decision whether it will accept review, and if so, receipt of the answer to the certified questions. Submission is deferred in this case, and the clerk is directed to close this docket administratively, pending further order from this court.

When the Washington State Supreme Court decides whether to accept the certified questions (or orders briefing on the questions), the parties shall file a joint report informing us of the decision. The parties shall also file a joint status report notifying us when briefing has been completed, and when a date is set for oral argument before the Washington State Supreme Court. The parties shall file a joint status report every six months after the date that the Washington State Supreme Court accepts the certified

questions (or orders briefing thereon), or more frequently if circumstances warrant.

**QUESTIONS CERTIFIED and SUBMISSION DEFERRED.**