NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUE HONG, on behalf of herself and all others similarly situated, | No.   21-35742 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01667-RSM |
| v. | MEMORANDUM* |
| BANK OF AMERICA, NA, individually and as successor-in-interest; DOES, 1-10, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Submitted June 6, 2022**
Seattle, Washington

Before:  GILMAN,*** IKUTA, and MILLER, Circuit Judges.

Sue Hong financed her purchase of a home in Washington with a loan

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

secured by a deed of trust serviced by Bank of America. The deed allows the lender to "obtain insurance coverage, at Lender's option and Borrower's expense," if the borrower "fails to maintain any of the [required] coverages," including homeowner's insurance. Hong failed to maintain her own insurance, so Bank of America purchased lender-placed insurance (LPI) from QBE Insurance Company and billed Hong for the coverage. Hong brought this action in Washington state court for damages and injunctive relief under Washington law, alleging that Bank of America and QBE engaged in a kickback scheme that inflated the rate she was charged. Bank of America removed the case to federal court under 28 U.S.C. §§ 1332(d) and 1441. The district court granted Bank of America's motion to dismiss, holding that all of Hong's claims are barred by the filed-rate doctrine. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The filed-rate doctrine "provides, in essence, that any 'filed rate'—a rate filed with and approved by the governing regulatory agency—is per se reasonable and cannot be the subject of legal action." *McCarthy Fin., Inc. v. Premera*, 347 P.3d 872, 875 (Wash. 2015) (quoting *Tenore v. AT&T Wireless Servs.*, 962 P.2d 104, 108 (Wash. 1998)). All claims that "run squarely against these rates," including claims against an intermediary like Bank of America here, "must be dismissed." *Alpert v. Nationstar Mortg., LLC*, 494 P.3d 419, 420 (Wash. 2021). On facts almost identical to those here, the Washington Supreme Court held that even

2

if "a rate filer and other intermediaries jointly act to artificially inflate the rate, allowing suit against any of these parties may still have the effect of directly attacking the rate and causing courts to 'reevaluate agency-approved rates.'" *Id.* at 423 (quoting *McCarthy*, 347 P.3d at 875).

Under *Alpert*, Hong's claims "run squarely against the filed rate" and are therefore barred. 494 P.3d at 423. QBE filed its LPI rate schedule and calculation methodology with the Washington Office of the Insurance Commissioner (OIC). In approving the rate, the OIC determined that, among other things, the rates were not "excessive, inadequate, or unfairly discriminatory." Wash. Rev. Code §§ 48.19.020, 48.19.040; *Alpert*, 494 P.3d at 420 (explaining that because state insurance law requires that "[t]he rates can be neither too high nor too low," approved rates "are per se reasonable" (citation omitted)). Hong does not claim that QBE sold insurance that was not "in accordance with its filing." *See* Wash. Rev. Code § 48.19.040(6). Nor does she dispute that Bank of America charged her the premium that QBE billed. Rather, she argues that the filed-rate doctrine is inapplicable because the insurance premiums charged to her did not represent the "true cost of coverage" because they were inflated by secret kickbacks given to Bank of America and by the excessive coverage amount selected by QBE. She also claims that she is not seeking damages associated with unfairly high rates, but rather seeking damages from Bank of America only for the amount it charged that

was attributable to free services (*i.e.*, the fair market value of the free services). None of those theories changes the fact that she is challenging the OIC's determination that the rate is reasonable.

As to the kickback argument, to determine what portion of the OIC-approved LPI premium represents Bank of America's alleged secret benefits, the court would need to determine what a reasonable rate would be—exactly the inquiry that the doctrine forbids. *Alpert*, 494 P.3d at 421–23. The same is true for the excessive-coverage argument. QBE placed the same amount of insurance on Hong's property as Hong had purchased herself before she allowed the policy to lapse. In so doing, QBE followed one of its OIC-approved coverage-selection methodologies. Thus, any challenge to QBE's decision to use that methodology necessarily challenges the filed rate. *See id.* at 423. Because the court cannot calculate her damages without determining for itself what is a reasonable cost for LPI, Hong's claims are barred by the filed-rate doctrine, and the district court did not abuse its discretion in dismissing her complaint without leave to amend. *See id.*; *McCarthy*, 347 P.3d at 875.

Finally, Hong forfeited any claim to injunctive relief by failing to pursue it in the district court. *See Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("A plaintiff who makes a claim for injunctive relief in his complaint, but fails to raise the issue in response to a defendant's motion to dismiss

4

on the grounds of immunity from money damages, has effectively abandoned his claim, and cannot raise it on appeal.").

**AFFIRMED**.