# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| NO ON I-502, ARTHUR WEST,<br><br>Appellants,<br><br>v.<br><br>WASHINGTON NORML, PIERCE COUNTY NORML, AMERICAN CIVIL LIBERTIES UNION, ACLU OF WASHINGTON, ACLU FOUNDATION, ACLU ENDOWMENT,<br><br>Respondents. | No.  46640-6-II<br><br><br>PUBLISHED OPINION |

JOHANSON, J. — Arthur West appeals a superior court order dismissing his complaint that alleged a violation of the Fair Campaign Practices Act (FCPA), ch. 42.17A RCW.  The superior court ruled that West could not bring an FCPA action as a self-represented (pro se) litigant because the FCPA requires that such actions be maintained in the name of the state.  West argues that the trial court erred by dismissing his suit because the FCPA contemplates that individuals may file "citizen's actions" under the statute without representation of legal counsel.  Although the FCPA speaks of "persons" and "individuals," a citizen's action under the FCPA precludes suits by pro se litigants because such actions must be brought in the name of the state.  Therefore, we hold that the superior court did not err in dismissing West's suit and we affirm.

FACTS

In 2012, Washington voters approved Initiative 502 (I-502), the legislation which legalized marijuana for recreational use. LAWS OF 2013, ch. 3. In December 2012, West, on behalf of "No on I-502," an organization that opposed I-502, sued the American Civil Liberties Union (ACLU) and the Pierce County and Washington Chapters of the National Organization for the Reform of Marijuana Laws (NORML). West attempted to sue under the "citizen's action" provision of the FCPA.

West's complaint alleged that the ACLU and NORML, in supporting I-502, had engaged in electoral politics without registering as political action committees in violation of state law. West alleged that by so acting, NORML violated its own articles of incorporation and engaged in conduct prohibited to entities registered as nonprofit organizations under 26 U.S.C. § 501(c).

In response, the ACLU, joined by NORML, moved to dismiss West's suit based in part on what it alleged was West's inability to maintain the action as a pro se litigant. In the ACLU and NORML's view, although the FCPA authorizes "citizen's actions" for alleged violations of the Act, the statute requires that such actions be filed in the name of the state. Therefore, West was representing the state's interests. Because West is not a licensed attorney, NORML argued that his prosecution of the alleged FCPA violations would amount to the unauthorized practice of law, which Washington law forbids. NORML asked the superior court to dismiss West's complaint under CR 12(b)(1) for lack of subject matter jurisdiction and also under CR 12(b)(6) for failure to state a claim upon which relief can be granted.

The superior court agreed that West could not sue in the name of the state as a pro se litigant and entered an order dismissing the action if West did not obtain legal representation within two

weeks. The superior court ruled that it would not permit West to proceed without counsel in this action because doing so would constitute the unauthorized practice of law. A licensed attorney then appeared on behalf of West, but shortly thereafter withdrew.

Subsequently, West moved for voluntary dismissal of the ACLU but maintained his claims against NORML. Nearly a year later, when West had still failed to secure the services of an attorney, the superior court dismissed the case, consistent with its original order. West appeals.

ANALYSIS

West argues that the superior court erred in dismissing his complaint by failing to construe the applicable statutory provisions liberally to effectuate the statute's remedial intent. He asserts further that the superior court erred by misinterpreting the citizen's action provision of the FCPA, which states that "persons" and "individuals" may bring such actions. We disagree.

An order granting a motion to dismiss under CR 12(b) is subject to de novo review. *McMarthy Fin., Inc. v. Premera*, 182 Wn.2d 936, 941, 347 P.3d 872 (2015). The FCPA "shall be liberally construed to promote complete disclosure of all information respecting the financing of political campaigns and lobbying, and the financial affairs of elected officials and candidates, and full access to public records so as to assure continuing public confidence of fairness of elections and governmental processes, and so as to assure that the public interest will be fully protected." RCW 42.17A.001; *Utter v. Bldg. Indus. Ass'n of Wash.*, 182 Wn.2d 398, 406, 341 P.3d 953, *cert. denied*, 136 S. Ct. 79 (2015).

A provision within the FCPA gives Washington citizens the right to sue for unfair campaign practices provided that certain prerequisites have been met. *Utter*, 182 Wn.2d at 407. The "citizen's action" is permitted when the attorney general and the prosecuting attorney of a

certain county either fail to commence or opt not to commence an action under the FCPA within

a specified period of time.  RCW 41.17A.765(4)(a)(i).

Specifically, the citizen's action provision provides,

A person who has notified the attorney general and the prosecuting attorney in the county in which the violation occurred in writing that there is reason to believe that some provision of this chapter is being or has been violated may himself or herself bring *in the name of the state* any of the actions (hereinafter referred to as a citizen's action) authorized under this chapter.
. . . .
(b)  If the person who brings the citizen's action prevails, the judgment awarded shall escheat to the state, but he or she shall be entitled to be reimbursed by the state of Washington for costs and attorneys' fees he or she has incurred.

RCW 42.17A.765(4) (emphasis added).  For the FCPA, "person" "includes an individual,

partnership, joint venture, public or private corporation, association, federal, state, or local

governmental entity or agency however constituted, candidate, committee, political committee,

political party, executive committee thereof, or any other organization or group of persons,

however organized."  RCW 41.17A.005(35).

West relies on the language of the statute and the definition of "person" to support his

argument that the law permits him to maintain a citizen's action as a pro se litigant.  According to

West, the references to "persons" as individuals and using "himself" or "herself" in the controlling

provision combined with the FCPA's stated policy of liberal construction, compel the conclusion

that the superior court erred by dismissing his case solely because he failed to obtain representation

by a licensed attorney.

West, however, fails to reconcile this argument with the long-standing rule that, with

limited exception, Washington law requires individuals appearing before the court on behalf of

another party or entity to be licensed in the practice of law.  *Dutch Vill. Mall v. Pelletti*, 162 Wn.

App. 531, 535, 256 P.3d 1251 (2011). Ordinarily, only those persons licensed to practice law in this state may do so without liability for unauthorized practice. *See* RCW 2.48.170. Practicing law without a license is a gross misdemeanor in Washington. RCW 2.48.180(3)(a); *Advocates for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 155 Wn. App. 479, 485, 230 P.3d 608, *rev'd on other grounds*, 170 Wn.2d 577, 245 P.3d 764 (2010).

There is a recognized "pro se exception" to these general rules where a person "'may appear and act in any court as his own attorney without threat of sanction for unauthorized practice.'" *Cottringer v. Dep't of Emp't Sec.*, 162 Wn. App. 782, 787, 257 P.3d 667 (2011) (quoting *Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48, 56, 586 P.2d 870 (1978)). But this pro se exception is limited, applying "'only if the layperson is acting *solely on his own behalf*' with respect to his own legal rights and obligations." *Cottringer*, 162 Wn. App. at 787-88 (quoting *Wash. State Bar Ass'n*, 91 Wn.2d at 57).

Here, notwithstanding a person's right to bring a citizen's action under the FCPA, the Act itself expressly provides that any such action may be brought only in the name of the state. RCW 42.17A.765(4). The person has a right to sue if certain criteria are met, but the underlying claim always belongs to the state. The FCPA also provides that any judgment awarded based on an alleged violation of the Act escheats to the state. RCW 42.17A.765(4)(b). Thus, by maintaining this action, West is not acting "'solely on his own behalf' with respect to his own legal rights and

obligations."[1] *Cottringer*, 162 Wn. App. at 787-88 (quoting *Wash. State Bar Ass'n*, 91 Wn.2d at 57). Instead, he is necessarily acting on behalf of the state, implicating rights that belong to the state.

West makes no attempt to demonstrate that the pro se exception applies nor does he provide any analogous authority to support his argument. Although the citizen's action provision speaks in terms of individuals, corporations are also included in the definition of "person" under the FCPA. RCW 42.17A.005(35). And our courts have long held that corporations must appear in court through an attorney. *Advocates for Responsible Dev.*, 155 Wn. App at 484-85. This is true even when a pro se litigant is the sole owner, member, and officer of a limited liability company. *Dutch Vill. Mall*, 162 Wn. App. at 534, 539. These rules lend credence to NORML's assertion that the legislature did not intend to carve out a pro se exception specific to citizen's actions merely because it provides "persons" the right to maintain actions under FCPA.

Although no Washington court has addressed this specific question, a decision from the Ninth Circuit Court of Appeals is instructive and analogous. In *Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116, 1128 (9th Cir. 2007), the Ninth Circuit held that a pro se party could not prosecute a qui tam action on behalf of the United States. *Stoner* involved an alleged violation of the False Claims Act, 31 U.S.C. §§ 3729-3733. 502 F.3d at 1119. The statute at issue there provided that a "person may bring a civil action . . . for the person and for the United States

---

[1] In his complaint, West claims to be an officer of "No on I-502" who is authorized by its board to maintain this action. It is not clear from the record whether "No on 1-502" still exists. But to the extent West brings this suit as an agent of "No on I 502," he also acts on that group's behalf and not solely on his own behalf. Therefore, the pro se exception would not apply for this reason as well.

Government" and stated that such an action would be brought in the name of the government. 31 U.S.C. § 3730(b)(1). In holding that this language did not authorize Stoner to proceed pro se, the *Stoner* court reasoned that a party suing under the statute is not prosecuting only their "'own case.'" 502 F.3d at 1126-27. Instead, the party also represents the United States, binding it to any adverse judgment. *Stoner*, 502 F.3d at 1126-27.

The Ninth Circuit then noted that while the legislation at issue there gave an individual a "'right to conduct the action,'" Stoner could point to no language which would permit him to conduct the action without a licensed attorney. *Stoner*, 502 F.3d at 1127 (quoting 31 U.S.C. § 3730(c)(3)). The court concluded that because congress did not expressly authorize a party to proceed pro se when acting on behalf of the United States, "it 'must have had in mind that such a suit would be carried on in accordance with the established procedure which requires that only one licensed to practice law may conduct proceedings in court for anyone other than himself.'" *Stoner*, 502 F.3d at 1127 (quoting *United States v. Onan*, 190 F.2d 1, 6 (8th Cir. 1951)).

The circumstances here are similar. The FCPA provides "persons" the right to bring a citizen's action, but mandates that such actions be brought in the name of the State. RCW 42.17A.765(4). As in *Stoner*, West here seeks to prosecute an alleged FCPA violation not solely as his "own case," but necessarily on behalf of the state of Washington. Although the state would not be bound to an adverse judgment under this statutory scheme, it would be entitled to the award of any favorable judgment. RCW 42.17A.765(4)(b). In this way, West is not acting solely on his own behalf regarding his own legal rights and obligations.

As in *Stoner*, West can point to no language which permits him to proceed pro se and the legislature here did not specifically authorize citizen's actions to be maintained by pro se litigants.

No. 46640-6-II

It appears as though the legislature envisioned that such actions would be carried on by licensed attorneys because the statute expressly provides for an award of attorney fees if the person who sues prevails. RCW 42.17A.765(4)(b).

We hold that no pro se exception applies here because West is not acting solely on his own behalf. Therefore, permitting him to maintain this action without representation by a licensed attorney would amount to the unauthorized practice of law. We affirm the superior court's dismissal of West's suit against NORML.[2]

JOHANSON, J.

We concur:

WORSWICK, P.J.

LEE, J.

---

[2] West also attempts to argue the substantive merits of his underlying claim regarding NORML's alleged violation of the FCPA. But because it dismissed his complaint, the superior court never reached those issues and made no ruling related to them. As a result, these issues are not properly before us and we decline to address them.