# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MARGARET BOZGOZ, as Personal Representative of the Estate of Evalani A. Yockman and Elda Yockman, Daughter of Evalani A. Yockman, | No. 50381-6-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| YOUSSEF ESSAKHI and JANE DOE ESSAKHI, husband and wife, individually and as the marital community composed thereof, and LIFE TRANSPORTATION INC., a Washington corporation insured by Zurich Insurance, | |
| Respondents. | |

SUTTON, J. — Margaret Bozgoz appeals the superior court's order striking her complaint under CR 11 and dismissing her action with prejudice. The superior court did not err because Bozgoz may not bring a pro se action on behalf of an estate or on behalf of another individual, even though Bozgoz was granted a durable power of attorney. Bozgoz also raises numerous additional issues that lack merit. Accordingly, we affirm the superior court's order striking Bozgoz's complaint and dismissing her action.

## FACTS

On October 26, 2016, Bozgoz filed a complaint in Pierce County Superior Court against Youssef Essakhi, Life Transportation, Inc., and Zurich Insurance Company (the defendants) for negligence, wrongful death, discrimination, and survival actions as the personal representative of

Evalani Yockman's estate and on behalf of Elda Yockman, Evalani's daughter.[1]  Bozgoz is not a member of the Washington State Bar Association, nor is she licensed to practice law in any state.

On December 15, the defendants filed a motion to strike the complaint under CR 11, which requires all pleadings to be signed by an attorney or a pro se litigant.  The defendants argued that Bozgoz was not a proper pro se litigant because she was representing an entity (the estate) and the interests of another person (Elda).  Bozgoz filed a response, which included a request for a continuance.  Bozgoz argued that she was required to file the complaint herself because their attorney quit working on the case three weeks before the statute of limitations expired.  She also requested a 90 day continuance to obtain an attorney.

On December 23, the superior court held a hearing on the defendants' motion to strike. The superior court granted the defendants' motion to strike the complaint and dismissed the action with prejudice because the statute of limitations had expired.

On December 27, Bozgoz filed a motion to reconsider.  Bozgoz presented a durable power of attorney from Elda authorizing Bozgoz to act on Elda's behalf.  Bozgoz argued that the power of attorney authorized her to assert Elda's right to act pro se.  Bozgoz also stated, "According to the ADA of 1990, Persons with Disabilities are allowed to participate in court hearings and trials." Clerk's Papers (CP) at 65.

On February 21, 2017, the superior court denied Bozgoz's motion to reconsider.  On February 24, Bozgoz appeared at court although there was no hearing scheduled.  However, the superior court agreed to explain why it granted the motion to strike and why it denied the motion

---

[1] We refer to parties with the same last name by their first names for clarity.  We intend no disrespect.

No. 50381-6-II

to reconsider.  The superior court reaffirmed its decision to deny Bozgoz's motion to reconsider.

Bozgoz appeals.

ANALYSIS

Bozgoz argues that the superior court erred by striking her complaint and denying her

motion to reconsider because she represented Evalani's estate as the personal representative and

she had durable power of attorney for Elda.  However, neither fact gives her the authority to file a

pro se action because pro se actions are personal and may not be brought on behalf of an entity or

another person.  Accordingly, the superior court did not err by striking Bozgoz's complaint and

denying her motion to reconsider.

I. MOTION TO STRIKE UNDER CR 11

We review a superior court's ruling striking a complaint under CR 11 for an abuse of

discretion.  *In re Guardianship of Lasky*, 54 Wn. App. 841, 852, 776 P.2d 695 (1989).  CR 11

states,

> Every pleading, motion, and legal memorandum of a party represented by an
> attorney shall be dated and signed by at least one attorney of record in the attorney's
> individual name, whose address and Washington State Bar Association
> membership number shall be stated.  A party who is not represented by an attorney
> shall sign and date the party's pleading, motion, or legal memorandum and state
> the party's address.

Therefore, under CR 11, every pleading must be signed by an attorney who is a member of the

Washington State Bar Association or by a pro se litigant.  It is undisputed that Bozgoz is not a

member of the Washington State Bar Association.  Therefore, the salient issue is whether Bozgoz

had the authority to bring a pro se action on behalf of Evalani's estate or Elda.

3

A. PRO SE ACTION ON BEHALF OF EVALANI'S ESTATE

The long-standing rule is that, with limited exception, Washington law requires individuals appearing before the court on behalf of another party or entity to be licensed in the practice of law. *No on I-502 v. Wash. NORML*, 193 Wn. App. 368, 372-73, 372 P.3d 160, *review denied*, 186 Wn.2d 1025 (2016). Recently, we explained the scope of the "pro se" exception to this general rule:

> There is a recognized "pro se exception" to these general rules where a person may appear and act in any court as his own attorney without threat of sanction for unauthorized practice. But this pro se exception is limited, applying only if the layperson is acting *solely on his own behalf* with respect to his own legal rights and obligations.

*No on I-502*, 193 Wn. App. at 373 (internal citations and quotation marks omitted). It is well-established that the pro se exception does not apply to entities such as corporations and limited liability companies, even when there is only a sole stakeholder in the entity. *Lloyd Enters., Inc. v. Longview Plumbing & Heating Co.*, 91 Wn. App. 697, 701, 958 P.2d 1035 (1998); *Cottringer v. Emp't Sec. Dep't*, 162 Wn. App. 782, 788-89, 257 P.3d 667 (2011); *Dutch Vill. Mall, LLC v. Pelletti*, 162 Wn. App. 531, 539, 256 P.3d 1251 (2011). And in *No on I-502*, we held that a citizen could not bring a pro se action under the Fair Campaign Practices Act[2] because the action was filed in the name of the State and, therefore, the citizen represented the State's interests rather than his own. 193 Wn. App. at 373-75.

Here, Bozgoz is appointed the personal representative of Evalani's estate and acted in that capacity when filing her complaint. Therefore, Bozgoz was acting on behalf of the estate, not on

---

[2] Ch. 42.17A RCW.

behalf of herself at the time she signed the complaint. In addition, because Elda is the beneficiary of Evalani's estate, Bozgoz is representing Elda's interests as well. Because Bozgoz was not representing her own interests at the time that she signed the complaint on behalf of Evalani's estate, she could not act as a pro se litigant. Therefore, the superior court did not abuse its discretion by striking the complaint under CR 11.

B. PRO SE ACTION ON BEHALF OF ELDA

Bozgoz argues that the superior court erred by denying her motion to reconsider because she presented evidence that Elda granted her a durable power of attorney. However, a durable power of attorney does not convey the authority to act pro se on another's behalf. Accordingly, the superior court did not err by denying Bozgoz's motion to reconsider.

A grant of power of attorney does not authorize a person to appear in court on behalf of another party. *State v. Hunt*, 75 Wn. App. 795, 805, 880 P.2d 96 (1994). Although Bozgoz was granted a durable power of attorney, the power of attorney does not allow her to bring a pro se action on Elda's behalf. Accordingly, the superior court did not abuse its discretion in granting the motion to strike or denying the motion to reconsider.

II. BOZGOZ'S ADDITIONAL ARGUMENTS

Bozgoz raises numerous procedural and substantive issues primarily unrelated to the substantive decision made in this case including: (1) arguments under CR 60, (2) conflict of interest, (3) denial of reasonable accommodations, (4) discrimination, (5) altered transcripts, (6) improper dismissal of a civil rights action, (7) defendants' failure to personally appear and testify, (8) misconduct by opposing counsel, (9) violation of constitutional rights, and (10) improper award of attorney fees to the defendants. These claims are unsupported by the record or lack merit.

A.  CR 60(b)

Throughout her brief, Bozgoz references CR 60, a superior court civil rule providing for relief from final judgments and orders.  Specifically, Bozgoz relies on CR 60(b)(4), relating to fraud, and CR 60(b)(5), relating to a void judgment.  However, any issues regarding CR 60(b) are not properly before us because Bozgoz did not file a CR 60(b) motion.

CR 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding."  However, Bozgoz did not file a CR 60(b) motion for relief from the final order.  Therefore, the trial court did not make a ruling or enter an order on CR 60(b).  Because there is no order addressing any CR 60(b) ruling, we decline to address any issue related to fraud or a void order under CR 60(b).

B.  JUDICIAL CONFLICT OF INTEREST

Bozgoz asserts that the superior court judge had an undisclosed conflict of interest based on a relationship with Zurich Insurance.  Bozgoz appears to rely on *Forsyth v. Zurich Person UIM*, noted at 159 Wn. App. 1047 (2011), in which the superior court judge, then in private practice, litigated a case against Zurich Insurance.

Under the appearance of fairness doctrine, a judicial proceeding is valid only if a reasonably prudent, disinterested observer would conclude that the parties received a fair, impartial, and neutral hearing.  *Neravetla v. Dep't of Health*, 198 Wn. App. 647, 670, 394 P.3d 1028, *review denied*, 189 Wn.2d 1010 (2017).  A judge must be impartial in both fact and appearance.  *Neravetla*, 198 Wn. App. at 670.  The party alleging a violation of the appearance of fairness must show evidence of the judge's actual or potential bias.  *Neravetla*, 198 Wn. App. at 670.

Bozgoz has not met her burden to show evidence of the superior court judge's actual or potential bias. All Bozgoz has shown is that the superior court judge acted as opposing counsel in a case against Zurich Insurance. A reasonably prudent, disinterested observer would not believe that this single case created any actual or potential bias toward Zurich Insurance. Accordingly, Bozgoz's claim that the superior court judge's order should be reversed because of his bias or conflict of interest lacks merit.

C. REASONABLE ACCOMMODATIONS

Bozgoz argues that the superior court improperly denied her requests for reasonable accommodations. She claims that she filed a request for reasonable accommodations with the trial court under GR 33. However, there is no request for reasonable accommodations in the record before us on appeal. The record also does not include an order denying a request for reasonable accommodations under GR 33.

Under RAP 9.6(a), it is the appellant's responsibility to designate all clerk's papers that are necessary to resolve the issues raised on appeal. Because Bozgoz failed to designate the portions of the record necessary to review her allegation that the superior court improperly denied her request for reasonable accommodations, we decline to address this issue.

D. DISCRIMINATION

Bozgoz asserts that both she and Elda suffer disabilities and are protected from discrimination under the Americans with Disabilities Act of 1990. Bozgoz claims that the trial court discriminated against her and Elda by (1) making them participate in a court hearing on December 23, (2) disconnecting the court call during the hearing on December 23, and (3) striking the complaint and dismissing the action. These claims lack merit.

First, Bozgoz has not demonstrated that she or Elda were discriminated against by scheduling the hearing for December 23. Bozgoz appears to assert that the action was discriminatory because December 23 was in the middle of the holiday season, only two days before Christmas. However, there is no indication that Bozgoz was treated differently than anyone else or that the scheduling of the hearing was related to Bozgoz's disability. December 23 was a regular court day in which court was in session. And to whatever extent Bozgoz was inconvenienced by a hearing during the holidays, the same likely applied to the superior court judge and opposing counsel, who all also participated in the hearing on the same day.

Second, Bozgoz claims that she was discriminated against because the superior court disconnected the court call prior to the end of the hearing on the motion to strike. Assuming that Bozgoz's court call was in fact disconnected, the following exchange is all that occurred after the final time Bozgoz spoke on the record:

> [COURT]: Ms. Bozgoz, I accept that all you say is true. What I'm telling you is the law compels me to strike your complaint.
>
> I'm sorry about the circumstances that you found yourself in. I recognize you did what you could do. But, like I said, I don't make this up as I go.
>
> So I have signed the order striking your complaint. Ms. Fleming, if you could sign the presentation for me.
>
> [FLEMING]: Yes, Your Honor.
>
> [COURT]: You will provide Ms. Bozgoz a copy of the order?
>
> [FLEMING]: I will.
>
> [COURT]: Would you like a copy of the order, ma'am?
>
> [ELDA]: I don't understand.
>
> [COURT]: I explained what I'm doing. That's the best I can do for you. Do you want a copy of the order?
>
> [ELDA]: Please.
>
> [COURT]: Thank you.

Verbatim Report of Proceeding (Dec. 23, 2016) at 6. Bozgoz asserts that after the court call was disconnected, the trial court told Elda that Elda should have filed the complaint herself. And Bozgoz asserts that if she had been on the court call, she would have been able to clarify that she had a durable power of attorney authorizing her to act on Elda's behalf. However, Bozgoz's assertion is not supported by the record and, for the reasons explained above, the durable power of attorney does not allow Bozgoz to act pro se on Elda's behalf. Therefore, even if the superior court disconnected Bozgoz from the court call prior to the end of the hearing, that does not provide grounds for reversing the superior court's order.

Third, Bozgoz states that the superior court discriminated against her by striking her complaint. But, for the reasons explained above, the superior court properly struck Bozgoz's complaint for violating CR 11. Bozgoz's disability does not absolve her of compliance with the law or applicable court rules, nor does it provide grounds for allowing her to engage in the unauthorized practice of law. The superior court did not discriminate against Bozgoz by properly applying CR 11 and the relevant law to Bozgoz's improper complaint.

E. ALTERED TRANSCRIPTS

Bozgoz also raises several issues related to the accuracy of the transcripts. RAP 9.5(c) governs objections to verbatim reports of proceedings. RAP 9.5(c) provides,

> A party may serve and file objections to, and propose amendments to, a narrative report of proceedings or a verbatim report of proceedings within 10 days after receipt of the report of proceedings or receipt of the notice of filing . . . . If objections or amendments to the report of proceedings are served and filed, any objections or proposed amendments must be heard by the trial court judge before whom the proceedings were held for settlement and approval, except objections to the form of a report of proceedings, which shall be heard by motion in the appellate court.

9

Here, Bozgoz has failed to comply with any of the provisions of RAP 9.5(c). She did not file an objection to the verbatim report of proceedings within 10 days of the notice of filing the verbatim report of proceedings. Accordingly, we decline to address Bozgoz's allegations that the verbatim reports of proceedings have been altered.

## F. DISMISSAL

Bozgoz also asserts that the superior court erred by dismissing her complaint because it is improper to dismiss a discrimination complaint that has merit. However, Bozgoz has not cited any valid legal authority to support this alleged rule. We will not consider arguments unsupported by legal authority. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.3d 549 (1992). Accordingly, we decline to consider Bozgoz's argument that the superior court could not dismiss a discrimination complaint that she alleges has merit.

## G. DEFENDANTS' FAILURE TO APPEAR AND TESTIFY

Bozgoz takes issue with the fact that the defendants have failed to appear at the court hearings and have not testified. However, the defendants are represented by counsel, and there is no requirement that the defendants appear at a hearing for a motion to strike a complaint. And the hearing on the motion to strike the complaint did not require any testimony from the defendants. Therefore, Bozgoz's claim that reversal is required because the defendants failed to appear at the hearing and testify lacks merit.

## H. DEFENDANTS' ATTORNEYS' CONDUCT

Bozgoz alleges that opposing counsel committed misconduct by (1) not presenting evidence they were licensed attorneys, (2) tricking her into signing an email service agreement

that they failed to comply with, (3) testifying on behalf of their clients, and (4) failing to inform the superior court of the durable power of attorney.

First, opposing counsel signed their pleadings with their Washington State Bar Association membership numbers as required by CR 11. Accordingly, this claim lacks merit.

Second, the email service agreement is not in the record before this court. Therefore, we decline to review it.

Third, opposing counsel did not testify on behalf of their clients. There was no testimony taken in this case. Accordingly, this claim lacks merit.

Fourth, regardless of whether opposing counsel had knowledge of the durable power of attorney, its existence was immaterial to the merits of the motion to strike because the durable power of attorney does not authorize Bozgoz to act pro se on Elda's behalf. Therefore, opposing counsel did not make material misrepresentations to the court by failing to disclose the durable power of attorney.

I. CONSTITUTIONAL RIGHTS

Bozgoz claims that the superior court violated her constitutional right to proceed pro se by striking the complaint. Bozgoz also claims that the superior court violated her First Amendment rights by refusing to allow her hired videographer to record the proceedings on February 24.

Although there is a constitutionally recognized right to appear pro se, Bozgoz is not asserting that right and, therefore, it cannot have been violated. The right to proceed pro se extends to valid pro se actions in which the layperson is representing her own interests. As explained above, Bozgoz is attempting to represent the interests of an entity and another person, which is not

a pro se action. Accordingly, the superior court did not violate her constitutional right to proceed pro se by striking her complaint.

And Bozgoz has not demonstrated that refusing to allow videotaping of courtroom proceedings (1) implicates the First Amendment or (2) requires reversal of the superior court's order striking her complaint. The First Amendment protects the right to speech, expression, association, and religion. U.S. CONST. amend. I. Bozgoz has not cited any authority supporting her assertion that she has a First Amendment right to videotape court proceedings. Accordingly, her First Amendment claim lacks merit.

J. ATTORNEY FEES AWARD

Finally, Bozgoz argues that the superior court erred by awarding the defendants their attorney fees for filing the motion to strike her complaint. The superior court did not err.

CR 11(a) states,

> If a pleading, motion, or legal memorandum is signed in violation of this rule, the court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum, including a reasonable attorney fee.

As explained above, the superior court did not err in concluding that Bozgoz signed the complaint in violation of CR 11. Accordingly, the superior court did not err by ordering Bozgoz to pay the defendants' reasonable attorney fees as a sanction for the violation.

ATTORNEY FEES

Bozgoz requests an award of attorney fees under various court rules and statutes. However, Bozgoz is not the prevailing party and, therefore, is not entitled to an award of attorney fees.

No. 50381-6-II

We affirm the superior court's order granting the defendants' motion to dismiss under CR 11.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

LEE, A.C.J.

WORSWICK, J.