**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| TOM PARKWELL, | No. 55532-8-II |
| Respondent, | |
| v. | |
| JAMES HOWARD and all others in possession of premises, | UNPUBLISHED OPINION |
| Defendants, | |
| MICHAEL T. PINES, | |
| Appellant. | |

GLASGOW, C.J.—Michael T. Pines appeals the trial court's order to issue a writ of restitution restoring possession of the condominium where Pines was residing to its owner, Tom Parkwell. Consistent with the requirements of the governor's emergency proclamation in effect at the time, Parkwell posted a 60-day notice of his intent to sell the property, and then he waited over 60 days to file this unlawful detainer action. Pines does not dispute these facts or present any evidence showing that he is legally entitled to possession of the property. Instead, Pines argues that the trial court failed to comply with the procedures laid out in chapter 59.12 RCW, addressing unlawful detainer actions generally, and chapter 59.18 RCW, the Residential Landlord-Tenant Act.[1]

---

[1] Pines repeatedly argues that the rights of four people were violated by this unlawful detainer action, but he is not permitted to argue on behalf of others without a valid legal license. *See No on I-502 v. Wash. NORML*, 193 Wn. App. 368, 372-73, 372 P.3d 160 (2016). Accordingly, we consider only the claims that Pines raises on his own behalf.

The trial court conducted a show cause hearing pursuant to RCW 59.18.380. Pines failed to present a viable defense to the writ of restitution at this hearing or show a genuine issue of material fact that would entitle him to further judicial proceedings. And Pines fails to show how any error in declining to require Parkwell to post a bond prior to issuance of the writ requires reversal. Accordingly, we affirm the trial court's order. We also award Parkwell reasonable costs and attorney fees on appeal.

FACTS

Parkwell owned a condominium in Sequim, Washington. James Howard was a tenant in the condominium, but at some point, Howard apparently subleased it to Pines. There is no evidence in the record that Pines was entitled to remain a tenant for any fixed period of time.

On January 20, 2021, Parkwell completed an affidavit swearing that he intended to sell the condominium and advising that its current occupants had 60 days to vacate. The affidavit cited the Residential Landlord-Tenant Act, chapter 59.18 RCW, and Governor Jay Inslee's Proclamation 20-19.5. Proclamation 20-19.5 prohibited property owners from serving or enforcing eviction notices, including complaints for unlawful detainer, except where "the action [was] necessary to respond to a significant and immediate risk to the health, safety, or property of others created by the resident" or the landlord "provide[d] at least 60 days' written notice of the property owner's intent to (i) personally occupy the premises as the owner's primary residence, or (ii) sell the property."[2]

---

[2] This proclamation was in effect from December 31, 2020 until March 31, 2021. Governor Inslee signed Proclamation 20-19.6 on March 18, 2021, extending the provisions at issue here until June 30, 2021.

The 60-day notice was posted on the door of Parkwell's property on January 20, 2021. It was also mailed on February 20, 2021. Pines acknowledges that he received the 60-day notice to vacate. Pines failed to vacate the premises.

On March 22, 2021, Parkwell filed a complaint for unlawful detainer. Parkwell requested a writ of restitution, as well as unpaid rent, damages, costs, and attorney fees. Pines was personally served with the eviction notice and order to show cause the next day, March 23.

In response, Pines e-mailed Parkwell a document titled "Defendant's Notice of Removal to Federal Court." Clerk's Papers (CP) at 53.[3] The document's cover sheet did not include a case number or filing stamp, and it listed Pines as the plaintiff, not a defendant. The document argued the federal courts have jurisdiction over this case because the defendants "committed crimes consisting of real estate fraud, tax fraud, bank fraud, perjury and other crimes;" because "[t]axes are owed to the federal and state government and Plaintiff is a whistleblower;" and because there were "claims based on [the Racketeer Influenced and Corrupt Organizations Act] and other federal statutes." CP at 55. Pines also sent a document titled "Complaint for Damages, Declaratory Relief, Injunctions, and Writ of Mandate" that he alleged was filed with the United States District Court for the Western District of Washington, but again, it lacked a case number or filing stamp. CP at 57. And he sent the beginning of what he described as a first draft of an adversary complaint to be filed in bankruptcy court in the Southern District of California.

In another e-mail to Parkwell's counsel, Pines explained, "Should anyone attempt to evict me, it will be a violation of at least two federal laws. The bankruptcy stay and the removal statute."

---

[3] Our clerk's papers include two series of documents: one series numbered 1-16, and a second series numbered 1-171. We cite only to the second series of documents.

CP at 123. He added, "I am continuing with my efforts to have you arrested." *Id.* Pines threatened to arrest Parkwell's counsel multiple times during the pendency of this case, in addition to sending counsel multiple threatening e-mails.

On April 23, 2021, Parkwell filed another motion for an order to show cause why a writ of restitution should not be granted. He attached an order from the Western District of Washington rejecting Pines's notice of removal and remanding the case to the Clallam County Superior Court for lack of federal jurisdiction. He also attached an order from the United States Bankruptcy Court for the Western District of Washington dismissing Pines's bankruptcy case. Pines indicated he intended to file a new notice of removal and a new bankruptcy petition. Pines also filed a demand for a jury trial.

On April 30, 2021, the trial court held a show cause hearing. At the hearing, the trial court repeatedly explained that it sought to determine whether Pines had "any viable, legal or equitable defense to the issuance of a writ of restitution." Verbatim Report of Proceedings (VRP) at 6; *see also id.* at 10 ("So, if you can't help me with what you believe is a proper legal or equitable defense then we need to move on."). Pines argued the case had been removed to federal court and that there were active bankruptcy proceedings that required a stay. The trial court responded, "[Y]our prior effort at removing this matter to Federal Court was denied, as was your bankruptcy petition." *Id.* at 7. Pines then added that "Parkwell uses two names to commit fraud," but Pines wished to offer only his own testimony and a cross-examination of Parkwell in support of this claim. *Id.* at 9. His claims that Parkwell was "committing crimes" and was "not the owner of the property" were similarly unsupported and irrelevant. *Id.* at 11.

4

The trial court concluded there was "no viable, legal or equitable defense being provided to the court that would compel the court to move to the second phase of a show cause process which would be to then consider testimony." *Id.* at 13. It asserted Pines was trying to create "issues of fact which don't exist in this case, at least as to the 60-day notice." *Id.* The trial court granted Parkwell's request for a writ of restitution, reasoning that "a 60-day Notice of Intent to Sell was served to the defendants at the premises, and more than 60-days has passed." CP at 156.[4]

Pines filed a motion to set aside the trial court's judgment, which he alternatively referred to as a motion for reconsideration. The trial court denied the motion for reconsideration.

Pines then filed a motion for Parkwell to post a bond to cover "'all damages which [Pines] may sustain by reason of the writ of restitution having been issued, should the same be wrongfully sued out.'" CP at 168 (quoting RCW 59.12.090). When Pines failed to appear at the hearing scheduled to address this motion, the trial court declined to entertain it further. The trial court denied a motion for a supersedeas bond to stay execution of the writ pending appeal.

Pines also filed a motion in this court requesting a supersedeas bond under RAP 8.1(b) to stay execution of the writ, which our Commissioner denied. We denied a motion to modify this ruling, and our Commissioner denied a motion for accelerated review.

---

[4] The trial court's order cited RCW 59.18.375, but this appears to be a scrivener's error. RCW 59.18.375 was repealed the week before the trial court signed the order. *See* LAWS OF 2021, ch. 115, § 19. Moreover, RCW 59.18.375 was not relevant to the circumstances of this case, as it dealt with evictions based on nonpayment of rent. *See* FINAL B. REP. ON ENGROSSED SECOND SUBSTITUTE S.B. 5160, at 9-10, 67th Leg., Reg. Sess. (Wash. 2021) ("The additional, optional notice for landlords to use in nonpayment of rent cases, instructing tenants with unpaid rent to pay into the court registry the amount of rent allegedly owed or file a sworn statement denying that rent is owing, is eliminated.").

Pines appeals the trial court's order granting Parkwell's request for a writ of restitution. He challenges the trial court's procedures, including its decision not to allow testimony or cross-examination at the show cause hearing, its decision not to hold a jury trial, and its decision not to require a bond from Parkwell prior to issuance of the writ of restitution.

ANALYSIS

I. SHOW CAUSE HEARING

Pines does not dispute that Parkwell was entitled to a writ of restitution on the merits. Instead, Pines argues the trial court used an improper procedure to issue the writ of restitution. Specifically, he contends the trial court erred because it did not permit testimony or cross-examination at the show cause hearing, did not address materials showing questions of fact, and denied Pines his right to a jury trial. He requests that we reverse the order awarding possession of the property to Parkwell and remand for a jury trial. We conclude that the trial court did not commit any procedural errors warranting reversal. Moreover, Pines fails to show that he is entitled to continued possession of the premises.[5]

A.      Procedural Requirements

An unlawful detainer action "'provides an expedited method of resolving the right to possession of property.'" *Faciszewski v. Brown*, 187 Wn.2d 308, 314, 386 P.3d 711 (2016)

---

[5] Pines also briefly argues that the pleadings were defective because they did not include an abstract of title as required by RCW 59.16.020. Pines did not raise this argument below, so we need not address it on appeal. But even if this court were to address the argument, RCW 59.16.020 requires an abstract of title only for "cases under the provisions of this chapter." Chapter 59.16 RCW applies to unlawful detainer actions seeking to remove people who "without the permission of the owner and without having any color of title thereto, enter upon the lands of another, and shall refuse to remove therefrom after three days' notice." RCW 59.16.010. Parkwell did not proceed under this chapter.

(quoting *Christensen v. Ellsworth*, 162 Wn.2d 365, 371, 173 P.3d 228 (2007)). A residential landlord may file an unlawful detainer action to regain possession of property from a tenant who remains without a valid rental agreement. *Id.* "[A] landlord seeking a writ of restitution must request a show cause hearing." *Id.* The superior court will then direct "the defendant to appear and show cause . . . why a writ of restitution should not issue restoring to the plaintiff possession of the property." RCW 59.18.370.

At the show cause hearing, "the defendant, or any person in possession or claiming possession of the property, may answer, orally or in writing, and assert any legal or equitable defense or set-off arising out of the tenancy." RCW 59.18.380. "The court shall examine the parties and witnesses orally to ascertain the merits of the complaint and answer, and if it shall appear that the plaintiff has the right to be restored to possession of the property, the court shall enter an order directing the issuance of a writ of restitution." *Id.* "[I]f it shall appear to the court that there is no substantial issue of material fact of the right of the plaintiff to be granted other relief . . . , the court may enter an order and judgment granting so much of such relief as may be sustained by the proof." *Id.*

Although Washington law "does not countenance eviction of people from their homes without first affording them some opportunity to present evidence in their defense," this right to present evidence "is not absolute: it is tempered by a grant of authority to trial courts to manage the scope and manner in which evidence is presented, rather than leaving it to the discretion of attorneys or pro se litigants." *Leda v. Whisnand*, 150 Wn. App. 69, 83, 207 P.3d 468 (2009). At a RCW 59.18.380 show cause hearing, if a tenant "raises a *viable* legal defense," they are "entitled to testify in support of that defense." *Id.* at 82 (emphasis added). And witness examinations are

required "*if necessary* to ascertain the merits of a defense." *Id.* (emphasis added). But "due process does not require that a defendant in an unlawful detainer action be allowed direct and cross-examination of parties and witnesses at the show cause hearing." *Id.* at 81. The trial court must first ascertain whether the defendant has established a potentially viable legal or equitable defense to entry of a writ of restitution. *Id.* at 83. Then, if the defendant has established such a defense, the trial court will consider evidence in support of it. *Id.* We review a trial court's refusal to allow testimony at the show cause hearing for abuse of discretion. *Id.* at 79 n.2; *see also Tedford v. Guy*, 13 Wn. App. 2d 1, 14, 462 P.3d 869 (2020) (holding there was no abuse of discretion in limiting the defendant's "testimony to relevant evidence").

Additionally, a defendant is not necessarily entitled to a full jury trial after the show cause hearing. Pines cites to cases that describe show cause hearings as "summary proceedings to determine the issue of possession *pending a lawsuit*." *Carlstrom v. Hanline*, 98 Wn. App. 780, 788, 990 P.2d 986 (2000) (emphasis added). But the issue of possession may be resolved under RCW 59.18.380 "based solely on the show cause hearing." *Leda*, 150 Wn. App. at 83. These hearings have "characteristics of both a preliminary injunction and a summary judgment proceeding." *Faciszewski*, 187 Wn.2d at 315 n.4.

Under RCW 59.18.380, "if it shall appear that the [landlord] has the right to be restored to possession of the property, the court shall enter an order directing the issuance of a writ of restitution." "Whether or not the court issues a writ of restitution at the show cause hearing, if material factual issues exist, the court is required to enter an order directing the parties to proceed to trial." *Randy Reynolds & Assocs., Inc. v. Harmon*, 193 Wn.2d 143, 157, 437 P.3d 677 (2019); *see also Tedford*, 13 Wn. App. 2d at 11. In this sense, a writ of restitution issued after a show cause

hearing may be analogous to a preliminary injunction, and its relief may be temporary. But "if it shall appear to the court that there is no substantial issue of material fact . . . , the court may enter an order and judgment," effectively ending the litigation in the trial court. RCW 59.18.380; *see also* RCW 59.18.410(6) (recognizing a writ of restitution may be "issued pursuant to a final judgment entered after a show cause hearing"). In this way, show cause hearings may be analogous to summary judgment proceedings. We review a trial court's determination of whether a trial is necessary for abuse of discretion. *Tedford*, 13 Wn. App. 2d at 16.

B.      Unlawful Detainer Action Against Pines

Parkwell posted a 60-day notice of his intent to sell the property on January 20, 2021. On April 30, 2021, the trial court concluded that "more than 60-days ha[d] passed." CP at 156. Accordingly, it granted Parkwell's request for a writ of restitution, consistent with Proclamations 20-19.5 and 20-19.6. Pines did not dispute, before the trial court or on appeal, that he received the 60-day notice or that more than 60 days passed between when he received the notice and when he was evicted. Nor did Pines challenge Parkwell's characterization of him as a tenant-by-sufferance or offer any evidence showing that Pines had a legal right to continue possessing the premises.

Despite many opportunities to do so, Pines failed to offer a viable defense at the show cause hearing. He argued the trial court could not proceed because the case was removed to federal court and bankruptcy proceedings were pending. But the federal court had remanded the case to Clallam County Superior Court and dismissed Pines's bankruptcy petition. As for Pines's other claims, such as that "Parkwell uses two names to commit fraud," was "committing crimes," and was "not the owner of the property," Pines failed to show a genuine issue of fact that was material to this case, particularly where the record included a deed to the property in Parkwell's name, and it did

9

not include any evidence indicating Pines was entitled to possession. VRP at 9, 11; *see also* Appellant's Opening Br. at 21 (taking issue with the trial court's statements indicating "the only thing [it] was going to consider was whether a 60[-]day notice to vacate had been served and whether 60 days had passed"). The trial court did not abuse its discretion when it refused to allow testimony or cross-examination on issues that appeared irrelevant to the 60-day notice to sell and that did not establish a viable defense to Pines's eviction on this basis. The other issues Pines wished to raise were beyond the scope of this litigation.

Because Pines failed to present evidence establishing a question of fact that would be material to these proceedings, the trial court did not err when it declined to order a trial after the show cause hearing. Show cause hearings have "characteristics of . . . a summary judgment proceeding," *Faciszewski*, 187 Wn.2d at 315 n.4, and Pines failed to present a "substantial issue of material fact," RCW 59.18.380. The trial court did not abuse its discretion in determining that a trial was unnecessary.

## II. BOND

Pines further argues that because the trial court did not require Parkwell to submit a bond under RCW 59.12.090 and RCW 59.18.380 before it issued the writ of restitution, "the Writ must be set aside and a jury trial ordered." Appellant's Opening Br. at 27. Parkwell does not dispute that he did not post a bond. However, he argues "a court is not mandated to order one" under these circumstances and, even if it were, Pines "has not shown prejudice to his right to possession based

10

upon concerns regarding the bond." Resp. to Appellant's Opening Br. and Resp't's Mot. to Dismiss at 15-16.[6]

RCW 59.18.380, which is part of the Residential Landlord-Tenant Act, provides that if, after the show cause hearing, it appears the landlord is entitled to be restored to possession of the property, the trial court must enter an order directing the writ of restitution. In addition, if "there is no substantial issue of material fact," the court also "may enter an order and judgment," fully resolving the parties' requests for relief at that time. RCW 59.18.380.

Then, the statute contains a proviso that "before any writ shall issue *prior to* final judgment the plaintiff shall execute to the defendant and file in the court a bond in such sum as the court may order," and the plaintiff "will pay all costs that may be adjudged to the defendant, and all damages which [they] may sustain by reason of the writ of restitution having been issued, should the same be wrongfully sued out." *Id.* (emphasis added). RCW 59.18.380 then requires the court to issue an order directing the parties to proceed to trial, presumably to resolve remaining factual disputes. Read as a whole, it appears this proviso applies where the case has not been fully resolved after the show cause hearing. For practical purposes, it would not make sense for the legislature to require a bond at the same time the trial court is fully resolving the case.

RCW 59.12.090 is a general unlawful detainer statute that applies to residential tenancies only if the Residential Landlord-Tenant Act does not resolve the issue in question. *Leda*, 150 Wn. App. at 77. In light of RCW 59.18.380, Pines's reliance on chapter 59.12 RCW's bond requirement

---

[6] In his May 13, 2021 filing, Parkwell agreed that RCW 59.12.090 "appears to require a mandatory bond." Resp. Br. of Resp't at 15. However, Parkwell argued, "If the Court failed to set a bond, it is because Appellant was only using the argument as a ruse to stay the execution of the Writ" and did not appear at the hearing to set the bond amount. *Id.* at 18.

is misplaced. Nevertheless, in a case involving the similar bond requirement under chapter 59.12 RCW, where the appellant "demonstrate[d] no prejudice from" the trial court's failure to require a bond, Division One held that we need not consider the bond issue further. *Hall v. Feigenbaum*, 178 Wn. App. 811, 824, 319 P.3d 61 (2014).

Because the trial court concluded there were no substantial issues of fact and fully resolved the action after the show cause hearing, Parkwell was not required to post a bond for the writ of restitution to issue. Pines cites to no authority that holds we must set aside the writ of restitution where the trial court fails to require a bond from the plaintiff, especially where the trial court ordered the issuance of the writ of restitution as part of its final judgment on the matter. Moreover, analogizing to *Hall*, Pines must show prejudice warranting relief, and he fails to do so. Pines failed to appear at the hearing on the issue of whether a bond should be required. And Pines has not shown any entitlement to possession of the premises or any substantive error below that would entitle him to compensation.

Because we decline to set aside the writ of restitution or reverse the trial court, any error in denying Pines the opportunity to post a supersedeas bond did not prejudice him either. Pines has not disputed that he was a tenant-by-sufferance or shown that he had any legal right to continue possessing the premises pending appeal.

## ATTORNEY FEES AND SANCTIONS

Parkwell requests attorney fees pursuant to RAP 18.1 and RCW 59.18.290. RAP 18.1(a) allows a party to recover reasonable attorney fees on appeal where "applicable law grants to [them] the right." "Where the court has entered a judgment in favor of the landlord restoring possession of the property to the landlord, the court may award reasonable attorneys' fees to the landlord."

RCW 59.18.290(3). Because we affirm the trial court's order entering judgment in favor of Parkwell and restoring possession of the property to him, we award Parkwell reasonable attorney fees on appeal in an amount to be determined by our Commissioner.

Parkwell also requests that we impose sanctions on Pines under CR 11(a) and RAP 18.9(a). On appeal, we will consider solely whether Parkwell is entitled to sanctions under the Rules of Appellate Procedure. *See Kinney v. Cook*, 150 Wn. App. 187, 195, 208 P.3d 1 (2009). Where a party "uses these rules for the purpose of delay, files a frivolous appeal, or fails to comply with these rules," we may order the party "to pay terms or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court." RAP 18.9(a). "'Appropriate sanctions may include, as compensatory damages, an award of attorney fees and costs to the opposing party.'" *Kinney*, 150 Wn. App. at 195 (quoting *Yurtis v. Phipps*, 143 Wn. App. 680, 696, 181 P.3d 849 (2008)). We decline to impose sanctions beyond payment of Parkwell's reasonable attorney fees and costs at this time.[7]

## CONCLUSION

We affirm the trial court's order granting Parkwell's request for a writ of restitution restoring the property to him. We award Parkwell reasonable attorney fees and costs on appeal and decline to impose additional sanctions at this time.

---

[7] Because we decide in Parkwell's favor on the merits, we do not consider his motion to dismiss the appeal under RAP 18.9(c)(2) as frivolous and solely for the purpose of delay.

No. 55532-8-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, CJ
_____
Glasgow, J.

We concur:

Maxa, J.
_____
Maxa, J.

Cruser, J.
_____
Cruser, J.